UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

RAUL ALEXANDER ALVAREZ,

    Debtor.
_____/

AMERICREDIT FINANCIAL
SERVICES. INC..

    Plaintiff.
vs.

RAUL ALEXANDER ALVAREZ.

    Defendant.
_____/

Case No. 6:05-bk-16050-ABB
Chapter 7

**FILED**

AUG 2 5 2006

CLERK, U.S. BANKRUPTCY
ORLANDO DIVISION

Adv. No. 6:06-ap-00040-ABB

## MEMORANDUM OPINION

This matter came before the Court on the Complaint, the Motion for Entry of Judgment After Default ("Motion"), and Notice of Defendant's Failure to Respond to Request for Admissions ("Notice")[1] filed by Americredit Financial Services. Inc., a creditor and the Plaintiff herein ("Plaintiff"), against Raul Alexander Alvarez. the Debtor and Defendant herein (the "Debtor"). An evidentiary hearing was held on June 19. 2006 at which counsel for the Plaintiff appeared. The Motion was temporarily denied in order to provide the Debtor additional time to respond to the Plaintiff's discovery requests. The Court makes the following Findings of Fact and Conclusions of Law after reviewing the pleadings and evidence. hearing live argument. and being otherwise fully advised in the premises.

---

[1] Doc. Nos. 1, 11, and 12.

## **FINDINGS OF FACT**

The Debtor entered into a Retail Installment Sales Contract ("Contract") with the Plaintiff for the purchase of a 2001 Mitsubishi Eclipse ("Vehicle") on October 13, 2005 pursuant to which the Debtor agreed to make monthly installment payments of $436.09 to the Plaintiff. The Debtor instituted this Chapter 7 bankruptcy case the following day on October 14, 2005. The Plaintiff timely filed the Complaint against the Debtor seeking a determination the debt owed to the Plaintiff by the Debtor is nondischargeable pursuant to 11 U.S.C. §§ 523(a)(2)(A) and (a)(2)(B). The Debtor has not filed an answer or any pleadings in this adversary proceeding, nor has he entered an appearance. The Debtor is *pro se* in this matter.[2]

The Plaintiff served its First Request for Admissions on the Debtor and his bankruptcy counsel (who does not represent the Debtor in this adversary proceeding).[3] The First Request for Admissions contains sixteen statements which, if all are admitted, establish each of the elements for nondischargeability of the debt owed by the Debtor to the Plaintiff pursuant to §§ 523(a)(2)(A) and (a)(2)(B) of the Bankruptcy Code.

The Plaintiff filed a Motion for Entry of Default accompanied by an Affidavit of Claim and an Affidavit of Non-Military Service.[4] The Clerk of Court entered a default against the Debtor on April 13, 2006.[5] The Plaintiff filed the Motion and Notice seeking a judgment by default against the Debtor on its Complaint based upon the Debtor's failure to respond to the First Request for Admissions. A hearing was conducted on the Motion and Notice and the Motion was temporarily denied. An Order was entered and

---

[2] *See* Doc. No. 13 and Main Case Doc. No. 1 (Disclosure of Compensation of Attorney for Debtor).
[3] Doc. No. 12, Exh. 1.
[4] Doc. No. 8.
[5] Doc. No. 9.

served on the Debtor extending the period for the Debtor to respond to the Request for Admissions to August 11, 2006.

The Debtor did not respond to the Request for Admissions. Each item contained in the Request for Admissions is deemed admitted. The Plaintiff has conclusively established through the Debtor's admissions: (i) The Debtor entered into the Contract knowing the next day he was going to file for bankruptcy; (ii) he intentionally failed to disclose to the Plaintiff he was going to file for bankruptcy; (iii) he signed the Contract "without the intent to have recourse on the loan"; (iv) he failed to make any payments to the Plaintiff; (v) he submitted a written financial statement to the Plaintiff containing materially false representations regarding his financial condition; (vi) the Plaintiff reasonably relied on the Debtor's misrepresentations in his financial statement to the detriment of the Plaintiff; (vii) the Debtor's actions described in the Request for Admissions were intentional; (viii) the Debtor's actions set forth in the Complaint were intentional; (ix) he obtained the loan from the Plaintiff through false pretenses, a false representation, or actual fraud; (x) the Debtor's actions caused the Plaintiff to suffer damages; and (xi) the Debtor owes the Plaintiff $14,151.66, plus interest. Request for Admissions at ¶¶ 1- 16.

The Plaintiff has established each of the elements for nondischargeability of the debt owed to the Plaintiff by the Debtor pursuant to §§ 523(a)(2)(A) and (a)(2)(B) of the Bankruptcy Code. The Debtor is indebted to the Plaintiff in the principal amount of $14,151.66. The Plaintiff contends interest accrues on the principal debt amount, but it has not established the applicable interest rate nor calculated the amount of interest that

may be due.[6] The Retail Installment Sale Contract may contain an interest provision, but the document as presented is virtually illegible.

The Debtor received a discharge on February 21, 2006.[7] The indebtedness owed by the Debtor to the Plaintiff is nondischargeable.

## CONCLUSIONS OF LAW

### *Federal Rule of Civil Procedure 36*

The Plaintiff properly served its First Request for Admissions on the Debtor pursuant to Federal Rule of Civil Procedure 36, made applicable to bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 7036. Federal Rule of Civil Procedure 36(a) provides:

> Each matter of which an admission is requested shall be separately set forth. The matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow . . . the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney.

Fed. R. Civ. P. 36(a) (2006). Subsection (b) of Rule 36 provides: "Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission." Fed. R. Civ. P. 36(b).

The time period for responding to the Request for Admissions was extended by the Court to August 11, 2006. The Debtor did not respond to the Plaintiff's First Request for Admissions. The matters contained within the Request for Admissions are deemed admitted and conclusively established pursuant to Federal Rule of Civil Procedure 36(a).

---

[6] Request for Admission No. 6 states: "Admit that you currently owe the Plaintiff $14,151.66, plus interest." The Affidavit of Claim at ¶ 10 states: "The Defendant owes the Plaintiff the sum of $14,151.66 with interest." No further statements regarding interest are presented by the Plaintiff.

[7] Main Case Doc. No. 9.

4

*11 U.S.C. §§ 523(a)(2)(A) and (a)(2)(B)*

The party objecting to the dischargeability of a debt carries the burden of proof and the standard of proof is preponderance of the evidence. Grogan v. Garner, 498 U.S. 279, 291, 111 S. Ct. 654, 112 L. Ed. 2d 755 (1991); Fed. R. Bankr. P. 4005 (2005).

Americredit contends in Count I of the Complaint the debt should be excepted from discharge pursuant to 11 U.S.C. § 523(a)(2)(A) which provides a discharge pursuant to § 727 does not discharge an individual from any debt "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—"

> (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition.

11 U.S.C. § 523(a)(2)(A) (2005). The Plaintiff has established, through the Debtor's admissions, the elements for non-dischargeability pursuant to § 523(a)(2)(A). The Plaintiff loaned money to the Debtor to finance the Debtor's purchase the Vehicle and is owed $14,151.66, plus interest. The Debtor obtained the loan from the Plaintiff through false pretenses, a false representation, or actual fraud. Request for Admissions at ¶ 1-16.

Americredit contends in Count II the debt should be excepted from discharge pursuant to § 523(a)(2)(B), which provides a discharge pursuant to § 727 does not discharge an individual from any debt "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by--"

> (B) use of a statement in writing—
> (i) that is materially false;
> (ii) respecting the debtor's or an insider's financial condition;
> (iii) on which the creditor to whom the debtor is liable for such money, property, or services, or credit reasonably relied; and
> (iv) that the debtor caused to be made or published with intent to deceive.

11 U.S.C. § 523(a)(2)(B).

The Debtor issued a written financial statement to the Plaintiff containing material misrepresentations regarding the Debtor's financial condition and his intentions. The Plaintiff reasonably relied on those representations and loaned money to the Debtor for the purchase of the Vehicle. The Debtor made the false statements with the intent to deceive the Plaintiff causing the Plaintiff to suffer damages. The Plaintiff is owed $14,151.66, plus interest, from the Debtor. Request for Admissions at ¶¶ 1-16.

The Debtor owes the Plaintiff the principal sum of $14,151.66 plus an unknown amount of interest. The Plaintiff has not established the interest rate nor calculated any interest amount that may be due and owing. The sixteen statements contained in the Request for Admissions, taken together, establish each of the elements for the nondischargeability of the debt owed to the Plaintiff by the Debtor pursuant to 11 U.S.C. §§ 523(a)(2)(A) and (a)(2)(B). The Plaintiff has conclusively established, pursuant to Federal Rule of Civil Procedure 36(b), the debt owed to the Plaintiff by the Debtor is nondischargeable pursuant to 11 U.S.C. §§ 523(a)(2)(A) and (a)(2)(B).

Accordingly, it is

**ORDERED, ADJUDGED, AND DECREED** that the Plaintiff's Motion for Entry of Judgment After Default against Raul Alexander Alvarez is hereby **GRANTED**.

A separate judgment in favor of the Plaintiff and against the Debtor/Defendant consistent with these Findings of Fact and Conclusions of Law shall be entered contemporaneously.

Dated this 25th day of August, 2006.

ARTHUR B. BRISKMAN
United States Bankruptcy Judge